ACCEPTED
15-25-00024-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
4/14/2025 6:46 PM
CHRISTOPHER A. PRINE
CLERK

# No. 15-25-00024-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
4/14/2025 6:46:25 PM
CHRISTOPHER A. PRINE
Clerk

## IN THE FIFTEENTH COURT OF APPEALS OF TEXAS

Mike Morath, Texas Commissioner of Education and La Villa
Independent School District

Appellants

v.

Dr. Paz Elizondo

Appellee

Appeal from the 455th District Court
of Travis County, Texas, Cause No. D-1-GN-22-002025

**La Villa Independent School District's
Appellant's Brief**

David J. Campbell
*dcampbell@808west.com*
State Bar No. 24057033
**THOMPSON & HORTON LLP**
8300 N. MoPac Expressway, Suite 220
Austin, Texas 78759
(512) 825-3114
(713) 583-8884 (fax)

*Appellant La Villa ISD*

# IDENTITY OF PARTIES AND COUNSEL

## Appellant Mike Morath, Texas Commissioner of Education

**Appellate Counsel:**

Karen L. Watkins
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

**Trial Counsel:**

Craig W. Cosper
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

## Appellant La Villa ISD

**Appellate Counsel:**

David Campbell
Thompson & Horton LLP
8300 N. MoPac Expressway
Suite 220
Austin, Texas 78759

**Trial Counsel:**

Kristi Godden
Eden Ramirez
Johan Holter
O'Hanlon, Demerath & Castillo
808 West Ave.
Austin, Texas 78701

## Appellee Dr. Paz Elizondo

**Trial and Appellate Counsel:**

Ruben R. Peña
Law Offices of Ruben R. Peña, P.C.
222 W. Harrison, Suite B
Harlingen, Texas 78550

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL .............................................2

TABLE OF CONTENTS ........................................................................3

INDEX OF AUTHORITIES ...................................................................5

STATEMENT OF THE CASE .................................................................6

STATEMENT REGARDING ORAL ARGUMENT .................................8

ISSUES PRESENTED ............................................................................9

STATEMENT OF FACTS .......................................................................10

      A.    In May 2019, Dr. Elizondo signed a 1-year probationary employment contract titled *First-Year Probationary Contract.* ..............................10

      B.    In April 2020, Dr. Elizondo signed another 1-year probationary employment contract titled *Second-Year Probationary Contract.* .................10

      C.    Over a year later, Dr. Elizondo filed a grievance complaining that his probationary contract should have been a term contract. ................11

      D.    La Villa ISD dismissed the grievance as untimely. ..............................................................12

      E.    The Commissioner affirmed La Villa ISD's decision to dismiss the grievance as untimely. ......................................................13

      F.    The trial court erroneously reversed the Commissioner's Decision. .............................................14

SUMMARY OF THE ARGUMENT .......................................................16

ARGUMENT ...................................................................................17

    I.    The trial court erred in reversing the
    Commissioner's Decision.........................................................17

        A.    The trial court erred because the
            Commissioner correctly determined
            Dr. Elizondo's grievance about his
            probationary contract was untimely...........................17

            1.    The Commissioner's review of a grievance
                dismissed as untimely cannot reach the
                merits of the grievance—it is limited to
                whether it was untimely. ....................................18

            2.    It is undisputed that Dr. Elizondo's
                grievance was untimely. ....................................20

            3.    In cases like this one, it is important for a
                grievance to be timely because at the end of
                the school year, different procedures apply to
                different types of employment contracts. ............22

        B.    In the alternative, the trial court erred
            because the Commissioner correctly found
            waiver. ...................................................................26

CONCLUSION & PRAYER ...................................................................28

CERTIFICATE OF COMPLIANCE.........................................................29

CERTIFICATE OF SERVICE................................................................29

APPENDIX........................................................................................30

    1.    Trial Court's Second Amended Final Judgment .........30
    2.    Commissioner's Decision .............................................30

# INDEX OF AUTHORITIES

Page

**Cases**

*Davis v. Morath*,
  624 S.W.3d 215 (Tex. 2021) .............................................. 18, 19, 21, 25

*Edinburg Consol. Indep. Sch. Dist. v. Esparza*,
  603 S.W.3d 468 (Tex. App.—Corpus Christi 2020, no pet.) ................ 18

*In re Elizondo*,
  544 S.W.3d 824 (Tex. 2018) ...................................................... 7

*Montgomery Indep. Sch. Dist. v. Davis*,
  34 S.W.3d 559 (Tex. 2000) ...................................................... 18

*Morath v. Elizondo*,
  No. 03-23-00125-CV, 2025 WL 270611 (Tex. App.—
  Austin Jan. 23, 2025, no pet.) (per curiam) .......................... 6

**Statutes**

Tex. Educ. Code § 11.1511(b)(13) ................................................ 19

Tex. Educ. Code § 21.103 ......................................................... 23

Tex. Educ. Code § 21.1041 ....................................................... 23

Tex. Educ. Code § 21.203 ......................................................... 24

Tex. Educ. Code § 21.206 ...................................................... 23, 24

Tex. Educ. Code § 21.207 ......................................................... 24

Tex. Educ. Code § 21.209 ......................................................... 24

Tex. Educ. Code § 7.057 ..................................................... 13, 14, 18

Tex. Educ. Code § 7.057(d) ..................................................... 6, 18

Tex. Gov't Code § 2001.174 ...................................................... 18

# STATEMENT OF THE CASE

*Nature of the Case*

The underlying case is an administrative appeal brought by Dr. Elizondo under Texas Education Code § 7.057(d) to challenge the Commissioner's Decision, in which the Commissioner concluded that Dr. Elizondo's local grievance was untimely. Appx 4–8. The Commissioner denied Dr. Elizondo's appeal because he concluded that La Villa ISD's Board of Trustees did not err in denying Dr. Elizondo's local grievance as untimely. Appx 266.

*Course of Proceedings*

The parties provided the trial court with the administrative record, Appx 27–278, and prepared briefing on the issues presented in this matter, Appx 279–408. The Commissioner and La Villa ISD also filed pleas to the jurisdiction regarding Dr. Elizondo's declaratory judgment claim. Appx 9–13, 18–20. A hearing was held on November 18, 2022. Appx 450.

The trial court signed an order titled "Amended Final Judgment" on January 24, 2023 reversing the Commissioner's Decision and denying the pleas to the jurisdiction. Appx 410. The Commissioner and La Villa ISD appealed to the Third Court of Appeals because they believed the order to be a final judgment. Appx 411–13, 426–27. However, the Third Court was not convinced the order was a final judgment, so the Third Court abated the appeal and remanded to the trial court. *Morath v. Elizondo*, No. 03-23-00125-CV, 2025 WL 270611, at *1 (Tex. App.—Austin Jan. 23, 2025, no pet.) (per curiam).

*Trial Court's Disposition*     On February 12, 2025, the trial court signed a Second Amended Final Judgment that again reversed the Commissioner's Decision. Appx 450. Unlike the prior order, the trial court also *granted* the Commissioner's and La Villa ISD's pleas to the jurisdiction and *dismissed* Dr. Elizondo's Declaratory Judgment claim. *Id.* So, unlike the prior order, the Second Amended Final Judgment not only states it is a final judgment, it also expressly disposes of all claims.[1]

---

[1]  *See In re Elizondo*, 544 S.W.3d 824, 825–26 (Tex. 2018) (explaining that an order is final and appealable if it finally disposes of all parties and all claims).

7

## STATEMENT REGARDING ORAL ARGUMENT

La Villa ISD does not believe oral argument is necessary but is prepared to participate if the Court believes oral argument would be helpful.

# ISSUE PRESENTED

1.   Whether the trial court erred by reversing the Commissioner's Decision that Dr. Elizondo's grievance was properly dismissed as untimely and, in the alternative, because of waiver.

# STATEMENT OF FACTS

**A. In May 2019, Dr. Elizondo signed a 1-year probationary employment contract titled *First-Year Probationary Contract*.**

On May 21, 2019, Dr. Elizondo signed a probationary employment contract with La Villa ISD. Appx 97–100. That contract is only three pages and clearly states — in bold-faced type on the first page — that it is a probationary contract:

LA VILLA INDEPENDENT SCHOOL DISTRICT
Employee

STATE OF TEXAS        First-Year Probationary Contract        COUNTY OF HIDALGO

Date given Employee   05/20/19   5/21/19
Date returned by Employee

Appx 97 (highlighting added).

When Dr. Elizondo signed this probationary contract, he affirmed that he had read and understood the contract: "I have read this Contract and agree to abide by its terms and conditions." Appx 99.

**B. In April 2020, Dr. Elizondo signed another 1-year probationary employment contract titled *Second-Year Probationary Contract*.**

On April 22, 2020, Dr. Elizondo signed another probationary

10

employment contract with La Villa ISD. Appx 101–04. That contract is also only three pages and clearly states — in bold-faced type on the first page — that it is a probationary contract:

LA VILLA INDEPENDENT SCHOOL DISTRICT
Employee

STATE OF TEXAS        Second-Year Probationary Contract        COUNTY OF HIDALGO

Date given Employee    4-22-20
Date returned by Employee    4/23/20

Appx 101 (highlighting added).

When Dr. Elizondo signed this second probationary contract, he again affirmed: "I have read this Contract and agree to abide by its terms and conditions." Appx 99.

## C. Over a year later, Dr. Elizondo filed a grievance complaining that his probationary contract should have been a term contract.

Over a year later, at the end of the school year, Dr. Elizondo filed a local grievance, under La Villa ISD's grievance procedures, complaining that his second probationary contract should actually have been a term contract. Appx 88–89.

Under La Villa ISD's grievance procedures, a grievance must be filed

11

within 15 days of the date Dr. Elizondo first knew, or with reasonable diligence should have known, of the decision or action giving rise to his complaint he should have been given a term contract instead of a probationary contract. *See* Appx 153. However, Dr. Elizondo waited until April 29, 2021 — over a year after he had signed his most recent probationary contract — to file his grievance. Appx 88.

### D. La Villa ISD dismissed the grievance as untimely.

Pursuant to its local grievance procedures, *see* Appx 150–56, La Villa ISD considered Dr. Elizondo's grievance and denied the grievance as untimely:

> As you are aware, Board Policy DGBA(local) requires that complaints must be "filed within 15 days of the date the employee first knew, or with reasonable diligence should have known, of the decision or action giving rise to the complaint or grievance."
>
> . . .
>
> In your case, your offer occurred April 22, 2020 and you executed your contract on April 23, 2020. Both April 22, 2020 and April 23, 2020 are well over one-year ago, and beyond the fifteen (15) day filing period for employee complaints under DGBA(local).

Appx 118.

Dr. Elizondo appealed the Chief Academic Officer's decision to La Villa ISD's Board of Trustees, and after considering the decision at its public meeting, the Board ultimately agreed with the decision to dismiss the grievance as untimely. Appx 78.

### E. The Commissioner affirmed La Villa ISD's decision to dismiss the grievance as untimely.

Pursuant to Texas Education Code § 7.057, Dr. Elizondo appealed the Board's decision to the Commissioner of Education. Appx 30–33.

After reviewing the administrative record, the Commissioner issued a decision affirming the Board's decision to dismiss the grievance as untimely. Appx 262–67. In his decision, the Commissioner discussed the differences between probationary and term contracts — particularly the differences between the statutory requirements for ending term and probationary contracts at the end of a school year. Appx 264. These differences illustrate why it is important for an employee to raise a complaint about the type of contract he is given before the end of the school year. *See id.* However, the Commissioner did not ultimately reach a decision based on these equitable concerns. *See id.*

Instead of issuing a decision based on the equitable concerns that are created when an employee waits until the end of the school year to complain about the type of contract he signed at the beginning of the school year, the Commissioner affirmed the Board's decision for a simple reason: "The local record contains substantial evidence to support [La Villa ISD's] finding that [Dr. Elizondo] knew or should have known, with reasonable diligence, that he had a probationary contract when he executed a contract bearing that title and setting out probationary contract terms on April 22, 2020." Appx 237.[2]

The Commissioner's Decision includes findings of fact, a legal discussion, and conclusions of law. Appx 263–66.

### F. The trial court erroneously reversed the Commissioner's Decision.

Pursuant to Texas Education Code 7.057, Dr. Elizondo appealed the Commissioner's Decision to the trial court and asserted a declaratory judgment claim seeking a declaration that at the beginning of the 2020–

---

[2] Although the Commissioner did not issue a decision based expressly on these equitable concerns, the Commissioner also concluded that waiver also prevents Dr. Elizondo from complaining about the type of contract he was given because Dr. Elizondo "accepted the salary and benefits under that contract for several months until he received his termination letter." Appx 266.

2021 school year, La Villa ISD should have given him a term contract instead of a probationary contract. Appx 4–8.

The parties provided the trial court with the local record, Appx 27–278, and prepared briefing on the issues, Appx 279–408. In its final judgment, the trial court reversed the Commissioner's Decision and denied Dr. Elizondo's declaratory judgment claim by granting the pleas to the jurisdiction filed by La Villa ISD and the Commissioner. Appx 450.

Both the Commissioner and La Villa ISD timely filed notices of appeal. Appx 451–58. Dr. Elizondo did not file a notice of appeal.[3]

---

[3]   Shortly before filing this brief, the undersigned discovered that Dr. Elizondo has, for some reason, already filed his Appellee's Brief in this Court before Appellants have filed their opening briefs. It is not clear why Dr. Elizondo has done so.

Moreover, the Appellee's Brief seems to ignore the trial court's final judgment. The Appellee's Brief Dr. Elizondo has filed with the Court does not appear to recognize that the trial court dismissed his claim under the Uniform Declaratory Judgment Act. *Compare* Appx 450 (ordering that the UDJA claim be dismissed) *with* Appellee's Br. at 5, 19–20 (arguing that the trial court correctly "sustained" the UDJA claim).

## SUMMARY OF THE ARGUMENT

La Villa ISD dismissed Dr. Elizondo's grievance as untimely. The Commissioner agreed with that dismissal and issued a Decision explaining that the grievance was appropriately dismissed because the grievance was untimely.

It is undisputed that there is evidence in the record supporting the Commissioner's determination. The contract Dr. Elizondo signed on April 22, 2020 was plainly titled *Second-Year Probationary Contract*. And yet, instead of timely filing a grievance within 15 days of being presented the contract, Dr. Elizondo instead chose to sign the contract on April 22, 2020. Then, Dr. Elizondo waited over a year—until April 29 of 2021—to file a grievance complaining that the probationary contract he signed should have been a different kind of contract.

The trial court erred in reversing the Commissioner's Decision because there is plainly evidence in the record supporting the Commissioner's determination that Dr. Elizondo's grievance was untimely.

# ARGUMENT

## I. The trial court erred in reversing the Commissioner's Decision.

The trial court erred in reversing the Commissioner's Decision because there is plainly evidence in the record supporting the determination by both La Villa ISD and the Commissioner that Dr. Elizondo did not timely file a local grievance within 15 days of when he knew or should have known he was given a probationary contract. The administrative record demonstrates that although Dr. Elizondo signed a contract titled *Second-Year Probationary Contract* on April 22, 2020, he waited until over a year later (on April 29 of 2021) to file a grievance complaining that he should have received a term contract instead of a probationary contract. That grievance was untimely.

### A. The trial court erred because the Commissioner correctly determined Dr. Elizondo's grievance about his probationary contract was untimely.

The Commissioner correctly determined that Dr. Elizondo's grievance was untimely because he knew or should have known that he had signed a probationary contract when he signed it. If Dr. Elizondo believed he was entitled to a different type of contract, as he later argued, he should not have waited until months later to make that complaint.

Both this Court and the trial court are required to review the Commissioner's decisions under Chapter 7 of the Texas Education Code under a substantial evidence standard of review. Tex. Educ. Code § 7.057(d); Tex. Gov't Code § 2001.174; *Davis v. Morath*, 624 S.W.3d 215, 221 (Tex. 2021). When the Commissioner has affirmed a school board's decision, substantial evidence merely requires more than a mere scintilla of evidence supporting the Commissioner's decision. *Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 566 (Tex. 2000); *see Edinburg Consol. Indep. Sch. Dist. v. Esparza*, 603 S.W.3d 468, 478 (Tex. App.—Corpus Christi 2020, no pet.) (explaining that substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

1. **The Commissioner's review of a grievance dismissed as untimely cannot reach the merits of the grievance—it is limited to whether it was untimely.**

Under Section 7.057 of the Texas Education Code, the Commissioner has the authority to review certain school board decisions regarding local grievances. Tex. Educ. Code § 7.057; *Davis*, 624 S.W.3d at 223. When a school district denies a local grievance as untimely, the Commissioner

only has authority to review whether the grievance "was not timely brought at the District level." *Davis*, 624 S.W.3d at 223. The Texas Supreme Court has explained that, "[t]he Education Code authorizes the Commissioner to *review* local school board decisions and actions, but it does not authorize him to reach the merits of a complainant's arguments regardless of how the complaint was handled at the school-district level." *Id.* (emphasis in original).

The Texas Education Code requires school districts to adopt rules and procedures for hearing local grievances from employees and others. Tex. Educ. Code § 11.1511(b)(13). These local grievance procedures often include a deadline for filing these grievances to ensure that any grievances are addressed promptly. *See, e.g.*, *Davis v. Morath*, 624 S.W.3d 215, 223 (Tex. 2021) (involving a 10-day deadline for filing grievances). That is particularly important when an employee has a complaint about the type of contract they have signed, or been asked to sign, because different types of contracts require different procedures to non-renew or terminate.

19

## 2. It is undisputed that Dr. Elizondo's grievance was untimely.

Both the Commissioner and La Villa ISD did not reach the merits of Dr. Elizondo's local grievance because the grievance was untimely. Appx 117–18; *see* Appx 170 (limiting the parties' briefing before the Commissioner to the issue of timeliness because La Villa ISD dismissed the grievance as untimely and "did not address its merits"). Thus, the Commissioner only reviewed La Villa ISD's decision that Dr. Elizondo's grievance was untimely. Appx 262–67.

After reviewing the administrative record, the Commissioner agreed that the grievance was untimely because it was not filed "[w]ithin 15 days of the date the employee first knew, or with reasonable diligence should have known, of the decision or action giving rise to the complaint or grievance." Appx 263–65. The Commissioner determined that Dr. Elizondo knew or should have known he had been given a probationary contract on the date he signed it (i.e., April 22, 2020) because the contract was clearly titled as a probationary contract. Appx 265 ("The record supports the board's finding that [Dr. Elizondo] knew or should have known that he had a probationary contract when he signed

20

a contract plainly reflecting that in its title."). The Commissioner further explained that "[a]side from its title, the contract expressly provided for probationary contract termination, lacking any term contract procedural protections." *Id.*

The trial court erred by refusing to affirm the Commissioner's Decision because the administrative record plainly contains evidence supporting the Commissioner's Decision. The probationary contract itself provides more than a scintilla of evidence that Dr. Elizondo knew or should have known that he was being given a probationary contract on April 22, 2020, more than a year before he filed his local grievance. *See* Appx 101–04.

In the trial court, Dr. Elizondo did not dispute that his grievance was untimely. *See* Appx 285–92. Instead, he ignored that issue and argued instead that he should have been given a term contract instead of a probationary contract. *See id.* But that goes to the merits of the grievance, which the Commissioner could not reach. *See Davis*, 624 S.W.3d at 223 (explaining that the Commissioner cannot reach the merits of a complaint when the school board has dismissed a grievance as untimely). The Commissioner only had authority to review the timeliness issue—he did not have the authority to determine the merits of the grievance. *Id.*

Accordingly, La Villa ISD correctly dismissed Dr. Elizondo's grievance as untimely, and the Commissioner correctly affirmed

3. **In cases like this one, it is important for a grievance to be timely because at the end of the school year, different procedures apply to different types of employment contracts.**

In the trial court, Dr. Elizondo never disputed that his grievance was untimely. *See* Appx 285–92. And that timeliness requirement is not a mere technicality; rather, it is extremely important because a timely grievance allows school districts to address any problems with an employment contract promptly. That is particularly important in cases like this because the procedures a school district uses to renew, non-renew, or terminate employee contracts at the end of the school year hinge on the type of contract an employee has signed.

Texas public school teachers — and certain school administrators — must be employed under one of three different contracts: (1) a probationary contract; (2) a continuing contract; or (3) a term contract. Tex. Educ. Code § 21.002. These different types of contracts require different procedures to non-renew or terminate at the end of the school year.

Under a probationary contract, the contract automatically renews at the end of the school year unless the school board notifies the employee that the employment will end at the end of the school year. Tex. Educ. Code § 21.103. The board of trustees must provide notice of that decision "not later than the 10th day before the last day of instruction required under the contract." Tex. Educ. Code § 21.103(a). The school board may terminate the employment if it determines it is in the best interests of the district. Tex. Educ. Code § 21.103(a). If the employee decides to dispute the decision, the employee is entitled to a hearing before the school board. Tex. Educ. Code § 21.1041. The school board's decision regarding a probationary contract may not be appealed. Tex. Educ. Code § 21.103(a).

Under a term contract, the contract automatically renews at the end of the school year unless the school board notifies the employee that the employment will end at the end of the school year. Tex. Educ. Code § 21.206. The board of trustees must provide notice of that decision "on or before the 10th day before the last day of instruction." Tex. Educ. Code § 21.206(a). For term contracts, the school board may only terminate the employment based on the reasons disclosed in its employment policies

"for not renewing a teacher's contract at the end of a school year." Tex. Educ. Code § 21.203(b). If the employee decides to dispute the decision, the employee is entitled to a hearing before the school board. Tex. Educ. Code § 21.207. The school board's decision regarding a term contract may appealed to the Commissioner. Tex. Educ. Code § 21.209.

In this case, La Villa ISD properly provided Dr. Elizondo with notice that his employment, which was under a probationary contract that he signed, would be terminated at the end of the school year. Appx 42. That notice was dated April 26, 2021. At that point, after signing two probationary contracts, Dr. Elizondo had never claimed he should have a term contract. *See* Appx 88–89. It was only after Dr. Elizondo received the notice that his employment would end at the end of the school year that he claimed he should have had a term contract. *See* Appx 88–89. The problem, of course, is that by the time he filed that untimely grievance, it would have been too late for the school district to shift gears and terminate his employment under the statutory provisions that apply to term contracts. *See* Tex. Educ. Code §§ 21.203, 21.206, 21.207, 21.209. This is precisely the type of situation that illustrates why a grievance must be timely.

Dr. Elizondo has never explained why he did not timely raise this complaint regarding his probationary contract. The deadline to file a grievance is 15 days in La Villa ISD, *see* Appx 153, 117–18, which is not inconsistent with other school districts' grievance deadlines. *See, e.g.*, *Davis v. Morath*, 624 S.W.3d 215, 223 (Tex. 2021) (involving a 10-day deadline for filing grievances). And Dr. Elizondo did not miss the 15-day deadline by a matter of days or weeks, but by months—filing his grievance over a year after he had signed the probationary contract. *Compare* Appx 101–04 *with* Appx. 88–89.

\* \* \*

School district employees, like Dr. Elizondo, who fall under Chapter 21 are provided with numerous protections that other employees do not have. Those protections depend on the type of contract they receive. When an employee believes the contract provided is not the right contract, it is important that the employee raise that complaint in a timely manner. Any other rule would allow employees who believe they have received the wrong type of contract to lay behind the log and wait until they receive a notice of termination to finally jump up and—once it is too late to follow different procedures—claim that different

25

termination procedures must be followed because they should have received a different type of contract.

Both the Commissioner and La Villa ISD determined that Dr. Elizondo's local grievance was not timely because it was not filed within 15 days of when he knew or should have known that he had signed a probationary contract. Instead, it was filed over a year later. The trial court erred in reversing the Commissioner's Decision because it is undisputed that Dr. Elizondo's grievance was untimely.

## B. In the alternative, the trial court erred because the Commissioner correctly found waiver.

The Commissioner also concluded that Dr. Elizondo's grievance was properly denied because waived any complaint that his employment contract was a probationary contract when he signed it and accepted salary and benefits under that contract for most of the school year. *See* Appx 265–66. In the trial court, Dr. Elizondo contended that he did not waive his rights by signing the probationary contract and accepting a salary and benefits under that contract because the "first inkling [he had] that he [was] under a probationary contract was when he received" the notice of termination. Appx 291. But that contention is flatly at odds with

the plain fact that the record shows the contract Dr. Elizondo signed is plainly titled a probationary contract. Appx 101–04.

Accordingly, the trial court erred in reversing the Commissioner's Decision not only because it is undisputed that Dr. Elizondo's grievance was untimely but also because the record undermines Dr. Elizondo's sole basis for contesting the Commissioner's determination that he waived any complaint he had about receiving a probationary contract when he signed the contract and accepted its benefits all through the school year. *See* Appx 265–67. For this additional and alternative reason, the trial court's judgment should be reversed.

## CONCLUSION & PRAYER

Both the Commissioner and La Villa ISD determined that Dr. Elizondo did not timely file his grievance with 15 days of when he knew or should have known that he signed a probationary contract. The evidence that Dr. Elizondo waited until April 29, 2021 — over a year after he signed the contract titled *Second-Year Probationary Contract* — supports that determination of untimeliness. That same evidence also supports the Commissioner's alternative finding of waiver.

Accordingly, La Villa ISD respectfully requests the Court reverse the trial court and render judgment that the Decision of the Commissioner in Docket No. 049-R10-2021 is affirmed.

Respectfully submitted,

*/s/ David Campbell*
David Campbell
State Bar No. 24057033
*dcampbell@808west.com*
Thompson & Horton LLP
8300 N. MoPac Expressway, Suite 220
Austin, Texas 78759
(512) 825-3114
(713) 583-8884 (fax)
Fax (512) 494-9919

**Appellant La Villa ISD**

# CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(3), I certify that based on the word count of the computer program used to prepare the foregoing document, the relevant sections of this document contain 3,414 words.

*/s/ David Campbell*
David Campbell

# CERTIFICATE OF SERVICE

Pursuant to Tex. R. App. P. 9.5(e), an automated certificate of service will be generated when this document is e-filed.

*/s/ David Campbell*
David Campbell

# APPENDIX

1.    Trial Court's Second Amended Final Judgment

2.    Commissioner's Decision

No. 15-25-00024-CV

---

# IN THE FIFTEENTH COURT OF APPEALS OF TEXAS

---

Mike Morath, Texas Commissioner of Education; and La Villa
Independent School District,

Appellants

v.

Dr. Paz Elizondo,

Appellee

---

Appeal from the 455th District Court
of Travis County, Texas, Cause No. D-1-GN-22-002025

---

**La Villa Independent School District's
Appellant's Brief**

---

# Tab 1

CAUSE NO. D-1-GN-22-002025

| | | |
|---|---|---|
| DR. PAZ ELIZONDO<br>*Plaintiff* | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | |
| MIKE MORATH, TEXAS<br>COMMISSIONER OF EDUCATION &<br>LA VILLA INDEPENDENT SCHOOL<br>DISTRICT<br>*Defendants* | §<br>§<br>§<br>§<br>§<br>§ | 455th JUDICIAL DISTRICT<br><br><br>TRAVIS COUNTY, TEXAS |

---

## SECOND AMENDED FINAL JUDGMENT

---

On November 18, 2022, the Court heard and considered the above-styled and numbered cause. The parties appeared through their attorneys of record. After considering the administrative record, the briefing, the relevant law, and the oral argument, the Court renders judgment as follows:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the February 22, 2022 Decision of the Commissioner in Docket No. 049-R10-07-2021 is hereby REVERSED.

**IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants' pleas to the jurisdiction are GRANTED as to Plaintiff's additional claim under the Texas Declaratory Judgment Act.

**IT IS FURTHER ORDERED, ADJUDGED, and DECREED** that Plaintiff's claim under the Texas Declaratory Judgment Act is dismissed.

This is a final and appealable judgment. All relief not granted herein is DENIED.

SIGNED ___February 12, 2025___

PRESIDING JUDGE
MAYA GUERRA GAMBLE

**APPX 450**

No. 15-25-00024-CV

_____

IN THE FIFTEENTH COURT OF APPEALS
OF TEXAS

_____

Mike Morath, Texas Commissioner of Education; and La Villa
Independent School District,
                                                    Appellants
                              v.

                    Dr. Paz Elizondo,
                                                    Appellee

_____

Appeal from the 455th District Court
of Travis County, Texas, Cause No. D-1-GN-22-002025

_____

**La Villa Independent School District's
Appellant's Brief**

_____

# Tab 2

| | | |
|---|---|---|
| DR. PAZ ELIZONDO, | § | BEFORE THE |
| Petitioner, | § | |
| | § | |
| v. | § | COMMISSIONER OF EDUCATION |
| | § | |
| LA VILLA INDEPENDENT SCHOOL | § | |
| DISTRICT, | § | |
| Respondent. | § | THE STATE OF TEXAS |

## DECISION OF THE COMMISSIONER

Petitioner Dr. Paz Elizondo complains that Respondent La Villa Independent School District denied as untimely his grievance over the termination of his probationary contract. Adrienne Butcher is the Administrative Law Judge appointed to hear this case. Petitioner is represented by Ruben Peña, Attorney at Law, Harlingen, Texas. Respondent is represented by Eden Ramirez and Kristi Godden, Attorneys at Law, Austin, Texas.

The primary issue in this case is whether Petitioner timely filed his grievance with Respondent under Respondent's local grievance policy, Policy DGBA (Local). The parties submitted their respective briefs on this issue. Petitioner argues that the timeline to file a grievance began when Respondent notified him of the termination of his probationary contract. Respondent argues that the timeline began when Petitioner and Respondent executed the second probationary contract about which Petitioner complains. Respondent is correct.

Because the local record contains substantial evidence that Respondent's board of trustees did not err in denying Petitioner's grievance as untimely, and because Petitioner waived his right to complain about the type of contract that Respondent issued him when he executed and then performed under that contract, accepting its benefits for a year before complaining about it, Petitioner's appeal is denied.[1]

---

[1] Petitioner filed exceptions to the Administrative Law Judge's Proposal for Decision, which were considered.



049-R10-07-2021

After due consideration of the record and matters officially noticed, it is concluded that the following Findings of Fact are established by the record and file in this case in accordance with 19 Tex. Admin. Code § 157.1072(i):

1.    Petitioner had a probationary administrator contract with Respondent during the 2019–2020 school year, which preceded the probationary contract at issue in this appeal.

2.    On or about April 22, 2020, Petitioner signed a second probationary contract for the 2020–2021 school year.  The contract is entitled, "Second Year Probationary Contract."

3.    Petitioner worked for Respondent during the 2020–2021 school year under the second probationary contract.  On April 26, 2021, Respondent notified Petitioner by hand-delivered letter that in an April 17, 2021 board meeting, the board voted to terminate Petitioner's probationary contract at the end of its term.

4.    Respondent has a local employee grievance policy, Policy DGBA (Local).  The policy provides, in relevant part, that an employee's complaint form must be filed "[w]ithin 15 days of the date the employee first knew, or with reasonable diligence should have known, of the decision or action giving rise to the complaint or grievance."

5.    On April 29, 2021, Petitioner filed a grievance under Respondent's Policy DGBA (Local).  The grievance complained about "[Respondent's] administration providing [Petitioner] a probationary contract by mistake instead of a term contract for the 2020–2021 school year." Respondent's administration dismissed the lower-level grievance as untimely.  On June 9, 2021, Respondent's board of trustees denied the Level 3 grievance appeal.

6.    Petitioner timely filed a petition for review with the Commissioner.  The parties filed briefs on the issue of Petitioner's grievance's timeliness.  Petitioner did not appear for the December 8, 2021 scheduled telephone hearing on the briefs before the Administrative Law Judge.  Therefore, this case is decided on submission of the parties' briefs.



049-R10-07-2021

2

**APPX 263**                263        **ELIZONDO V. LA VILLA ISD 000234**

Probationary and term contracts

The Texas Education Code distinguishes probationary and term contracts. Probationary contracts carry far fewer rights and procedural protections than term contracts, particularly with respect to termination rights. *Compare* Tex. Educ. Code § 21.203 (probationary contract termination procedures) *with* Tex. Educ. Code § 21.206–.209. School boards can terminate a probationary contract upon finding that termination is in the school district's best interest and need only notify the teacher of the termination. A board's probationary contract termination decision is not appealable. Tex. Educ. Code § 21.103(a). Thus, a probationary teacher is generally limited to challenging the sufficiency of the termination notice. *See id.* By contrast, term contracts carry far greater procedural protections for teacher nonrenewal, including the right to a hearing by the board or an independent hearing examiner and the right to appeal the school board's final decision to the Commissioner. *See* Tex. Educ. Code §§ 21.206–.206, .301. Because of the statutory distinction between the two contract types, school districts approach end-of-contract issues differently. A probationary contract holder is, as the contract name indicates, essentially on probation.

Petitioner's grievance deadline under Policy DGBA (Local)

The issue before the Commissioner is limited to the timeliness of Petitioner's grievance with Respondent under Policy DGBA (Local). Policy DGBA (Local) provides, in relevant part, that employee complaint forms must be filed "[w]ithin 15 days of the date the employee first knew, or with reasonable diligence should have known, of the decision or action giving rise to the complaint or grievance." Texas law recognizes that school boards are the ultimate authorities on interpreting their policies. *See Montgomery Indep. Sch. Dist. v. Davis*, 34 S.W.3d 559, 565 (Tex. 2000).

Petitioner signed his second probationary contract, expressly titled, "Second Year Probationary Contract," on April 22, 2020. Yet, he did not file his employee grievance complaining that Respondent issued him the wrong contract type until April 29, 2021, after the

APPX 264     264     **ELIZONDO V. LA VILLA ISD 000235**

board gave him its termination notice. The board denied his grievance as untimely under its fifteen-day policy deadline. The record supports the board's finding that Petitioner knew or should have known that he had a probationary contract when he signed a contract plainly reflecting that in its title. *See Simani v. Houston Indep. Sch. Dist.*, 2019 LEXIS 16, *13 (Comm'r Educ. 2019).

Petitioner argues that under *Davis v. Morath*, No. 19-015 (Tex. 2021), the deadline for Petitioner to file his grievance began when the board issued his termination letter. However, *Davis* involved the adoption of a district-wide school appraisal system that applied to all teachers, not to an individual teacher's employment contract. The *Davis* Court held that the teachers did not know until their scorecards issued under the appraisal system how the policy would impact them individually. In this case, the contract was not a general school policy applicable to all teachers but a specific legal document impacting only Petitioner as a teacher. Aside from its title, the contract expressly provided for probationary contract termination, lacking any term contract procedural protections. Petitioner's alleged harm accrued on the day that he signed the probationary contract containing these terms, not on the day Respondent notified him of his termination in conformance with those terms. Petitioner's argument is unpersuasive.

<u>Waiver of right to complain about contract</u>

In addition to failing to timely file a grievance under Respondent's Policy DGBA (Local), Petitioner waived his right to complain about the type of contract that Respondent issued him when he performed under that contract for a year and accepted its salary and benefits. The Commissioner has previously held that a party waives the right to complain about a school district issuing the wrong type of contract if the party has acted inconsistently with its rights by accepting a contract's benefits. *See Simani*, 2019 LEXIS 16, at *13–14; *see also Wittman v. Nelson*, 100 S.W.3d 356, 360 (Tex. App.—San Antonio 2002, pet. denied). Petitioner waived his right to complain about the fact that Respondent issued him a probationary contract in April

**APPX 265**                                          265          **ELIZONDO V. LA VILLA ISD 000236**

2020 by signing it at that time and then performing under it for a year before complaining that it was the wrong type of contract.

## CONCLUSIONS OF LAW

After due consideration of the record, matters officially noticed, and the foregoing Findings of Fact, in my capacity as Commissioner of Education, I make the following Conclusions of Law:

1.　Texas law requires school districts to adopt grievance procedures. Respondent adopted Policy DGBA (Local) as a grievance policy for employees, in compliance with Texas law. Tex. Educ. Code § 11.1511(b)(13).

2.　Petitioner did not timely file his grievance regarding the type of contract that Respondent issued him in April 2020. The timeline for Petitioner to file a grievance under the policy began when he was issued a probationary contract, not a year later in April 2021, when Respondent notified Petitioner that it was terminating his contract.

3.　Respondent did not err in denying Petitioner's grievance as untimely under its Policy DGBA (Local). The local record contains substantial evidence to support Respondent's finding that Petitioner knew or should have known, with reasonable diligence, that he had a probationary contract when he executed a contract bearing that title and setting out probationary contract terms on April 22, 2020.

4.　A party can contractually waive his statutory or constitutional rights by knowingly and voluntarily acting inconsistently with those rights. Petitioner signed his probationary contract with Respondent and then accepted the salary and benefits under that contract for several months until he received his termination letter. Petitioner waived his right to challenge the terms of his probationary contract.

5.　Petitioner's appeal should be denied.



049 R 10-07-2021

5

<u>ORDER</u>

After due consideration of the record, matters officially noticed and the foregoing Findings of Fact and Conclusions of Law, in my capacity as Commissioner of Education, it is hereby ORDERED that the Petitioner's appeal be, and is hereby, DISMISSED.

SIGNED AND ISSUED this <u>22nd</u> day of February 2022.

# Mike Morath

Digitally signed by Mike
Morath
Date: 2022.02.22 11:45:34
-06'00'

MIKE MORATH
COMMISSIONER OF EDUCATION



049-R10-07-2021

6

**APPX 267**

267     **ELIZONDO V. LA VILLA ISD 000238**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Kate French on behalf of David Campbell
Bar No. 24057033
kfrench@thompsonhorton.com
Envelope ID: 99659676
Filing Code Description: Brief Not Requesting Oral Argument
Filing Description: Brief Not Requesting Oral Argument
Status as of 4/15/2025 7:09 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Ruben Pena | 15740900 | ruben@rubenpenalaw.com | 4/14/2025 6:46:25 PM | SENT |
| Jeff Lutz | | jeff.lutz@oag.texas.gov | 4/14/2025 6:46:25 PM | SENT |
| Karen Watkins | | karen.watkins@oag.texas.gov | 4/14/2025 6:46:25 PM | SENT |
| Kristy Alonzo | | kalonzo@thompsonhorton.com | 4/14/2025 6:46:25 PM | SENT |
| David J.Campbell | | dcampbell@thompsonhorton.com | 4/14/2025 6:46:25 PM | SENT |
| Kate French | | kfrench@thompsonhorton.com | 4/14/2025 6:46:25 PM | SENT |